MIED ProSe 1 (Rev 5/16) Complaint for a Civil Case

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

ANDREW THOMAS ADAMS
+
DIANA Colleen Adams

*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

v.

ALLY FINANCIAL
+
GENERAL COUNSEL
SCOTT STENGEL

*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

Case: 2:16-cv-14185
Judge: Lawson, David M.
MJ: Whalen, R. Steven
Filed: 11-29-2016 At 02:29 PM
CMP ADAMS, ET AL. VS. ALLY FINANCIAL, ET AL. (DP)

Jury Trial:  ☐ Yes  ☐ No
*(check one)*

**Complaint for a Civil Case**

MIED ProSe 1 (Rev 5/16) Complaint for a Civil Case

I. **The Parties to This Complaint**

   A. **The Plaintiff(s)**

   Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

   Name: ANDREW DIANA ADAMS (Pro-Se)
   Street Address: 4971 Lancaster Hills Dr. #201
   City and County: Clarkston, Oakland County
   State and Zip Code: MI 48346
   Telephone Number: 248-613-3649
   E-mail Address: 2dianaadams@att.net

   B. **The Defendant(s)**

   Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known). Attach additional pages if needed.

   Defendant No. 1
   Name: ALLY FINANCIAL
   Job or Title (if known): M/C 482-B09-B11
   Street Address: 200 RENAISSANCE CENTER
   City and County: DETROIT, WAYNE COUNTY
   State and Zip Code: MI 48265-2000
   Telephone Number:
   E-mail Address (if known): ally.com

   Defendant No. 2
   Name: SCOTT STENGEL; ALLY FINANCIAL
   Job or Title (if known): GENERAL COUNSEL
   Street Address: M/C 482-B09-B11
   200 RENAISSANCE CENTER
   City and County: DETROIT, WAYNE COUNTY
   State and Zip Code: MI 48265-2000
   Telephone Number: 313-656-6101
   E-mail Address (if known): ally.com

2

MIED ProSe 1 (Rev 5/16) Complaint for a Civil Case

### Defendant No. 3

Name _____

Job or Title _____
(if known)

Street Address _____

City and County _____

State and Zip Code _____

Telephone Number _____

E-mail Address _____
(if known)

### Defendant No. 4

Name _____

Job or Title _____
(if known)

Street Address _____

City and County _____

State and Zip Code _____

Telephone Number _____

E-mail Address _____
(if known)

## II.  Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☒ Federal question            ☒ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

28 U.S.C. §1331 Case arising under the United States Constitution or Federal Laws or treaties is a Federal question Case

MIED ProSe 1 (Rev 5/16) Complaint for a Civil Case

A. **If the Basis for Jurisdiction Is a Federal Question**

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

Fair CREDiT REPoRTiNG ACT 15 U.S.C 1681n, or 15 U.S.C. 1681 and 15 U.S.C 1692k Fair Debt Collection Practices ACT

Section 106 Parts 61&62 of Title 25, Code of Federal Regulations Identifies Plaintiff's of + Party to 1820, 1836 + 1855 Treaty's (7 Stat. 207) (7 Stat. 491) (11 Stat. 621)

B. **If the Basis for Jurisdiction Is Diversity of Citizenship**

1. The Plaintiff(s)

    a. If the plaintiff is an individual
    The plaintiff, *(name)* ANDREW THOMAS ADAMS
    is a citizen of the State of *(name)* MI

    ★ 2nd Plaintiff info Attached Seperate Cover Page

    b. If the plaintiff is a corporation
    The plaintiff, *(name)* _____,
    is incorporated under the laws of the State of *(name)*
    _____, and has its principal place of business in the State of *(name)* _____.

    *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. The Defendant(s)

    a. If the defendant is an individual
    The defendant, *(name)* SCOTT STENGEL, is a citizen of the State of *(name)* MI. Or is a citizen of *(foreign nation)* _____.

    b. If the defendant is a corporation
    The defendant, *(name)* ALLY FINANCIAL, is incorporated under the laws of the State of *(name)* DELAWARE, and has its principal place of business in the State of *(name)* MI. Or is incorporated under the laws of *(foreign nation)* _____, and has its principal place of business in *(name)* DETROIT RENAISSANCE CENTER

    *(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

4

★ Next page attachment (1pg)

Basis for Jurisdiction - Citizenship
Additional page attached
Pg 4. B(1) of

## Complaint for a Civil Case

Andrew Adams + Diana Adams v. Ally Financial + General Counsel Scott Stengel

B(1). Plaintiff's are Citizen's of the U.S, Citizens of the State of MI, including Identified by the United States under Public-Law 105-143 - December 15, 1977 (111 Stat. 2653) Section 102(3) Section 103 (2)(3)(4)(5) Section 106 Parts 61 & 62 of Title 25, Code of Federal Regulations; Identifies Plaintiff's Citizens of the U.S, Direct Lineal Descendants of the MI Ottawa + Chippewa whom are Party to the 1820 Treaty, (7 Stat. 207), 1836 Treaty (7 Stat 491) and the 1855 Treaty of Detroit (11 Stat. 621)

11-29-2016

Diana C. Adams in pro se
4971 Lancaster Hills Dr
#201
Clarkston, MI 48346
(248) 613-3649
2dianaadams@att.net

MIED ProSe 1 (Rev 5/16) Complaint for a Civil Case

3. The Amount in Controversy

The amount in controversy—the amount the plaintiff claims the defendant owes or the amount at stake—is more than $75,000, not counting interest and costs of court, because *(explain)*:

Ally Financial charged-off retail installment Loan 8-29-2016 claiming Plaintiff's owe $4400 Same day Plaintiffs paid $5600 - Auto Loan was fraudulent Charge-off was intent to cause further Harm

III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

SEE ATTACHED 7 Pgs.

5

UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF MICHIGAN

Andrew Thomas Adams
&
Diana Colleen Adams

_____
Plaintiff's

V.

Scott Stengel, General Counsel
& of
Ally Financial

_____
Defendant's

Civil Action No. _____

Honorable _____

COMPLAINT FOR CIVIL CASE                ATTACHED (PAGE 5) (SEC. III)

## STATEMENT OF CLAIMS

1) . July 11, 2013 Plaintiff's test drove a 2011 Chevy Aveo. Suski Auto Sales, Suski Used Cars was formerly located in Flint and Fenton, Michigan. An employee of the dealership's, later identified as Ed Usewick held 1-day tent sales selling auto's claiming to be a Suski dealership but in fact devised car sales schemes entering Plaintiff's into a fraudulent retail installment contract agreement Ally Financial and this former employee of Suski's devised so to defraud Consumer's, changing terms and conditions of auto loans without the knowledge of and or approval of Plaintiff's.

Suski's salesman held onto Plaintiff's 2002 Chevy Silverado pick-up truck and keys as assurance Plaintiff's would return dealership's vehicle after test drive the next morning.

Suski salesmen claimed they were having trouble getting Plaintiff, Andrew Adams approved for an auto loan suggesting Plaintiff's test drive the 2011 Chevy Aveo overnight while the dealership employee's work on gtting Plaintiff's approved for an auto loan. The sale was being held in a Wlamart parking lot therefore, the salesmen claimed they were very limited to what they can achieve under a tent stating it would take the dealership a day or two to get an auto loan secured.

Plaintiff's were asked to sign numerous forms so to authorize Suski dealership to run credit reports. Plaintiff's were provided an original yellow copy of an installment contract to review overnight while test driving their car. Plaintiff's never completed a retail

1

installment contract agreement with Suski Auto Sales or Suski Used Cars on July 11, 2013.

July 12, 2013 the tent and all vehicle's Suski's dealership's had at the Walmart parking lot were gone as well as Plaintiff's 2002 Chevy Silverado Truck.

Plaintiff's contacted the salesman the night of the test drive informing him the 2011 Chevy Aveo overheated and won't drive past 40mph. He advised Plaintiff not to worry the Fenton Suski Dealership Service Department would repair any & all mechanical issues explaining Plaintiff's would be required to drive the car to Fenton Suski's location but were asked to wait a day or so while the salesmen continue to work on getting Plaintiff Andrew Adams approved for an auto loan.

Plaintiff, Diana Adams explained to Suski's salesman they were "not" interested in the 2011 Chevy Aveo and certainly "do not" agree to the retail installment contract Plaintiff's were provided with to review. Plaintiff's did not complete a retail installment contract, not the day of July 11, 2013 with any employee of Suski's or at their dealership's after the tent sale. Plaintiff's have an original long form yellow copy to prove evidence that No deal was agreed on between Plaintiff's and Suski Auto Sales and or Suski Used Cars.

Plaintiff's believe an employee within Ally Financial years-later "signed" Suski Used Cars name on the retail installment contract making it appear to be a completed transaction when in fact Plaintiff's original long form yellow copy can be produced as evidence proving there is no names what-so-ever or signatures of a dealership and or employee's of a dealership selling a car and or purchasing Plaintiff's 2002 Chevy Silverado as a trade-in.

Suski's did not provide 1 piece of paper regarding a trade in value and or acceptance of trading Plaintiff's 2002 Chevy Silverado truck. Blue book value of Plaintiff's truck the summer of 2013 was valued at $10,500.00.

Suski's former employee's took Plaintiff's truck on July 11, 2013 & claimed they sold it the same day.

Plaintiff's were forced to hang on to the 2011 Chevy Aveo July 12, 2013. Plaintiff's were striped of their 2002 Chevy Silverado and forced to retain possession of a vehicle they did not agree to purchase

2).   Ally Financial, Ally Bank, denied Plaintiff's an auto loan mailing a denial letter the summer of July 2013. Plaintiff's do have evidence to produce if requested to do so.

3).   Weeks later Ally Financial mailed Plaintiff's a letter stating Ally Financial and Suski Used Cars amended terms and conditions of a loan & entered into a retail installment agreement without the knowledge of Plaintiff's violating their rights to refuse the contract terms & conditions locking them into a loan Ally Financial and the former

2

Employee of Suski's devised so to defraud Plaintiff's.

4). Ally Financial placed a lean on the 2011 Chevy Aveo title after paying Ed Usewick $11,800.00. the summer of July 2013.

5). Ally Financial mailed Plaintiff's information in August of 2013 explaining how to make online payments to Ally Financial.

6). Plaintiff, Andrew Adams's credit union had a lean on his 2002 Chevy Silverado of $3003.00 in July of 2013. Suski salesman did not make payment to Plaintiff's credit union so to clear the title of the Chevy Silverdao. It would take neraly 6-weeks before Plaintiff's received confirmation of the lean being cleared and the $3003 was paid closing the auto loan Plaintiff did have with his credit union that summer.

  The incomplete retail installment contract shows $1000 cash as down payment, interest rate marked up to 20.99%. Actually, Suski's employee merely paid $3000 for a truck valued at $10,500. Had someone from Suski's "not" paid the lean on the 2002 Chevy Silverado, the title would not clear for them to re-sell. Plaintiff's did not receive a fair trade-in value of their vehicle. Plaintiff's do pray the Honorable Judge rules in favor of Plaintiff's to receive repayment of the fair market value of their Silverado truck. The truck was originally owned by Plaintiff, Diana Adams whom purchased the truck new in 2003 by Lafaontaine Caddilac. The truck was fully loaded, extended king cab, full size back seat, leather seats, heated seats, remote starter, 4-door, 4-wheel, full tow package, very low milage as well as general maiantenance had been completed during the years Plaintiff's owned the Silverado.

  Plaintiff, Diana Adams; mother of Plaintiff Andrew Adams made every effort to return the Chevy Aveo. Plaintiff's truck was sold the same day even before any type of loan agreement was made. Plaintiff's were forced to keep possession of the Chevy Aveo.

  Plaintiff's were unsuccessful in reaching any sales manager of Suski's aside from the man that lives in Indiana whom left the day after the tent sale July 12, 2013. Plaintiff's did not receive any type of resolution from Suski's Auto Sales, Suski Used Cars.

7). Suski Auto Sales, Suski Used Cars dealership's in Fenton & Flint Michigan were closed down December of 2013 after a federal investigation that does include Ally Financial & retail installment loan/car sales scam.

8). Plainttiff Diana Adams, mother of Plaintiff Andrew Adams advised her son to make the monthly payment to Ally Financial according to their mailed request dating back to 2013. Plaintiff, Diana Adams felt the only way to protect her son's new credit was to make monthly payments of $292 to Ally Financial.

9). During the year 2015 Ally Financial advised Plaintiff's to trade the Chevy Aveo in due to it's ongoing continuous maintenance problems. Plaintiff's followed Ally Financial employee's advise and Ally Financial denied Plaintiff's an auto loan "again" as the same

3

in July of 2013.

10) Plaintiff's have been financial harmed payingthousands of dollars in auto repairs including a high interest rate loan for an auto Plaintiff's were forced possession of. Ally Financial has harmed Plaintiff's ability to obtain credit with reputable car dealers, preventing Plaintiff from obtaining any type of auto finance since July 11, 2013. Plainitff, Andrew Adams' employment is at risk of being lost due to Ally Financial fraudulent loan practicing & fraudulent collections practices and ongoing harrassment collection calls, mailings threatening to cause further financial harm to Plaintiff's making it alomost impossible to meet monthly living expenses.

11). Plaintiff's filed complaints according to process which their next complaint filed was in April of 2016 to the Federal Trades Commission; Complaint No. 71924129. Plaintiff's filed all documented evidence online to the FTC. The FTC referred Plaintiff's complaint to the State of MI Insurance and Financial Services Department.

12). In April of 2016, The State of MI Insurance and Financial Services Department began reviewing Plaintiff's complaint. The State of MI agency sent Ally Financial letters in April and May which of Ally "did not" respond to the State of MI Insurance and Financial Services Department.

13). On June 4, 2016, Plaintiff Andrew Adams was involved in an auto accident on his way into work the morning of. The Aveo was hit and totaled by Plaintiff's Auto Insurance carrier, State Farm on June 9, 2016.

14). Plaintiff's filed compliant with the Consumers Financial Protection Bureau Complaint No. 160731-0001721-(855)411-2372 on July 31, 2016 electronically filed all documented evidence for their review.

15). **August 11. 2016 the State of MI Insurance and Financial Services Department responded to Plaintiff's by mail stating that the State of MI Insurance and Financial Services Agency does "not" have regulator authority** over Suski Used Cars, Suski Auto Sales and or Ally Financial due to the federal court case closing the dealership's down in 2014 and Andy Suski of Suski Dealership's gave up his dealers license for the 4 locations party to such fraudulent car loan schemes therefore, the State "does not" have regulator authority in 2016 so to enforce anything…..

16). August 24, 2016 Ally Financial requested a 60 day extension from the Consumer Financial Protect Bureau so to review the numerous documented evidence Plaintiff's had filed with the CFPB. Ally was allotted 60-days to review complaints filed and evidence filed allowing Ally Financial until the first of October 2016 to respond.

17). Ally Financial collection agent threatened Plaintiff Diana Adams if she did not pay Ally Financial the $5526.84 State Farm Insurance claims adjuster had in her possession by August 29, 2016 Ally would charge off the account to bad credit claiming Ally has the

4

power to charge off accounts whereas it is worse than if someone files a bankruptcy.

18). Ally collection agent, Sharon acted on her threats to cause Plaintiff's financial harm destroying their credit and in fact on August 29, 2016 the same day Plaintiff's auto insurance carrier State Farm, Plaintiff's and someone from Ally Financial Claims department "all three entities" made agreement that a check payment to Ally Financial was released in the amount of $5,526.84 on August 29, 2016 finally settling out the lean amount Ally Financial had on the Aveo title.

19). Ally Financial violated Plaintiff's by charging account off to bad credit when in fact Plaintiff's had made monthly payments dating back to 2013 up until June 2016, the month of the auto accident. Ally refused to acknowledge State Farm Claims adjusters, and Plaintiff's in regards to the vehicle being in an accident in June of 2016. Ally collection agents claimed the retail installment contract Suski Used Cars and Ally Financial entered into has nothing to do with a car loan. It wasn't an auto loan as Plaintiff's were made to believe all these years. Ally Financial has been collecting from Victims of crimes they had been found guilty of by the U.S in 2013.

20.) Plaintiff's did pay Ally Financial $9105.50 up until June of 2016 for a vehicle they were forced possession of and forced to pay Ally Financial for their fraudulent loan practices. It was Ally Financial whom continued to disregard Plaintiff's auto insurance carrier as well as it was Ally that failed to answer any of the state and or federal agency complaints.

21). Plaintiff's and their auto insurance carrier made a settlement agreement on August 29, 2016 with and to Ally Financial whom did accepted $5526.84 but added $886.97 of interest rate charges before deducting the $5526.84 payment all on the same day then charging off the account to bade credit claiming $4427.73 is and has been un collectible.

22). Plaintiff's have paid $14,632.34 to Ally Financial to current date on a vehicle they were forced to take possession of, were "not" provided rights to refuse amended loan contract terms Ally Financial and Suski employee's devised back in 2013. Plaintiff's have paid double the amount than the price of the car originally $7800. Plaintiff's continued year after year to seek resolutions to their complaints at no prevail. Plaintiff's can not afford to retain an attorney for $5000 @ $250.00 an hour.

23). Plaintiff's were defrauded by both Suski and Ally Financial. Ally Financial collection department's employee's admit that Suski's employee Ed Usewick defrauded Ally Financial too but fail to stop collections actions against Plaintiff's, Victims of the crimes.

24). Plaintiff's seek all payments returned from Ally Financial a total of $14,632.34 as well as removing the fraudulent charge off of Plaintiff's account, releasing the $4427.73 amount Ally Financial claims would be owing & collection activities have begun. Ally Financial employee's are working to cause Plaintiff's years of hardship when they have done nothing in all these years to work with Plaintiff's to correct the amended loan terms

5

Plaintiff's never agreed too.

25). Plaintiff's request the charge off be corrected, Plaintiff's request the Honorable Judge enforce Ally Financial to remove the charge off completely. Ally Financial violated Plaintiff's rights charging account off same day as a financial settlement not allotting 120-180 days before charging off an account.

26). Ally Financial continues to call daily harassing Plaintiff's for money and mailing threatening letters claiming Ally Financial has authority and legal obligation so to prepare next collection actions against Plaintiff's if Plaintiff's do not pay Ally Financial the complete charged off amount of $4427.73 by November 29, 2016.

27). Plaintiff Diana Adams is disabled. Ally Financial harassment of collections has caused Plaintiff further medical issues adding to permanent spinal damages & nerve damage Plaintiff lives with daily. Plaintiff Diana Adams has in fact followed Ally Financial instructions up until June 4, 2016. It was Ally Financial not answering to Plaintiff's and or any federal and or state agency with authority over such complaints.

28). Plaintiff's pray the Honorable Judge grants their requests for repayment of $14,632.34. Plaintiff's pray the amount Ally Financial claims as still owing of $4427.73 be cancelled so to reflect a zero balance. Plaintiff's pray the charge off is complely removed and corrected with all credit reporting agencies leaving Plaintiff's harmless of any balance owing and left harmless of fraudulent bad credit reporting. Plaintiff's plead for repayment of their 2002 Chevy Silverado to reflect what the blue book value was at the time of July 2013 requiring payment to be repaid in the amount of $7500 to eqaul the fair trade-in market value of their 2002 Chevy SIlverado.

29). Plaintiff's plead the Honorable Judge grant their requests including an addition amount of $5000 including any other amounts the Honorable Judge rules on and above of for Plaintiff, Diana Adams' years of efforts to conrrecting Ally's fraudulent contract loan terms making every effort to protecting Plaintiff's credit's by making payments dating back to 2013 to Ally Financial. Plaintiff, Diana Adams completed a 2-year paralegal course obtaining a diploma degree within the paralegal field in 2003 and has made every effort to research all claims detailed above trying to do negotiate terms at no prevail. Plaintiff, Diana Adams has spent the past 9 months researching so to prepair the civil case filings filing in "Pro Se".

30). Plaintiffs do not have the financial ability to retain an attorney at $5000 but are in desparate need to protect themselves from Ally Financial ongoing fraudulent collection practices that are causing financial hardship, destruction to what little or no credit Plaintiff's had/have. Employee's of Ally collection will not and have never discussed amending/negotiang terms of their retail installment contract not even lowering interest rate that was marked up to be 20.99%.

31). Plaintiff's are identified Lineal Descendant's to the MI Ottawa and Chippewa Indians. Plaintiff's rights to sales tax exemption was denied and disregarded never submitted by

6

Suski's and or Ally Financial. Plaintiff's still do not know whom paid the state of MI sales taxes, Plaintiff's provided Suski dealership with a Tax Exemption form that was never filed. Ally Financail discriminated against Plaintiff Andrew Adams claiming he was a high risk therefore was not approved for an auto loan but later without Plaintiff's knowledge were entered into the fraudulent loan terms Ally Financial & former employee of Suski's were found guilty of in 2013.

Nov 29, 2016

Andrew Thoma Adams
Diana C. Adams
Diana Colleen Adams
(in pro-se)

4971 Lancaster Hills #201
Clarkston, MI 48346
(248) 613.3649
2dianaadams@att.net

7



PO BOX 380903
BLOOMINGTON MN 55438-0903

November 15, 2016



DIANA C ADAMS
4971 LANCASTER HILLS DR APT 201
CLARKSTON MI  48346

Account Number: 045920230424

Hours of Operation:  7AM to 7PM CST
Monday - Friday
Saturday 8AM -12pm CST
Phone:  800-241-0172

Dear DIANA C ADAMS:

Previously, we expressed our willingness to work with you in satisfying this obligation and want to offer you the following options.

The Balance Due as of the date of this letter is $4,427.73.

We are offering you the options below:

- **Plan 1** - You must make a single payment of 75% of the balance shown above which is $3,320.80. The payment must be received no later than FIFTEEN (15) days from the date of this letter. Upon receipt and clearance of this final payment we will consider your account settled in full.
- **Plan 2** - You must make 10 installments at $398.50 totaling $3,984.96. The first payment must be received no later than FIFTEEN (15) days from the date of this letter. Upon receipt and clearance of all installments your account with Ally will be considered satisfied and you are released from any and all obligations. Each of the future installments must be received on or before the passage of THIRTY (30) days and all payments must clear as good funds. If you fail to make any of the installments, if any payments are returned unpaid, or if any are received later than the 30th day from the prior payment, this arrangement is no longer in effect and you will owe the Balance Due minus whatever payments you remitted.

899759-01841

## IV. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

① Plaintiff's damages of $14,632.34 paid to Plaintiff, Andrew Adams the amount he paid Ally Financial

② Plaintiff's damages of premature charge-off of account to bad credit be Reversed, corrected, Removed from Credit Reporting Agencies. Ally Financial Violated allotted time 120/150 days; Violation Plaintiff's Rights to Fair Debt Collection Practices

③ Plaintiff's damaged $4427.73 by Ally Financial premature fraudulent charge-off amount - Remove Amount owed to Zero Balance - Removing charge-off As in #2 Above. ④ $5000 Paid to Plaintiff Diana Adams for Years time Researching case to file

## V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 11/29/2016, 20 16.

Signature of Plaintiff   Diana C. Adams -in Pro-Se
Printed Name of Plaintiff   DIANA C. Adams

6

MIED ProSe 1 (Rev 5/16) Complaint for a Civil Case

**Additional Information:**

7

JS 44 (Rev. 08/16)  **CIVIL COVER SHEET**  County in which action arose: _____

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS** DIANA Colleen Adams, ANDREW Thomas Adams

**DEFENDANTS** ALLY FINANCIAL

**(b)** County of Residence of First Listed Plaintiff: OAKLAND
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: WAYNE
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)* PRO SE
DIANA Colleen Adams
4971 LANCASTER HILLS DR. #201
CLARKSTON MI 48346 (248-613-3649)

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [x] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [x] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [x] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*  Click here for:

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability / [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability / [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | | [ ] 840 Trademark | [ ] 460 Deportation |
| | | **LABOR** | **SOCIAL SECURITY** | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | **PERSONAL PROPERTY** / [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [x] 480 Consumer Credit |
| [ ] 160 Stockholders' Suits | [ ] 350 Motor Vehicle | [ ] 720 Labor/Management Relations | [ ] 862 Black Lung (923) | [ ] 490 Cable/Sat TV |
| [ ] 190 Other Contract | [ ] 355 Motor Vehicle Product Liability / [ ] 371 Truth in Lending | | [ ] 863 DIWC/DIWW (405(g)) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal Injury / [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| [ ] 196 Franchise | [ ] 362 Personal Injury - Medical Malpractice / [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| | | [ ] 790 Other Labor Litigation | | [ ] 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | [ ] 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights / **Habeas Corpus:** | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 220 Foreclosure | [ ] 441 Voting / [ ] 463 Alien Detainee | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment / [ ] 510 Motions to Vacate Sentence | | | |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations / [ ] 530 General | | | [ ] 950 Constitutionality of State Statutes |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment / [ ] 535 Death Penalty | **IMMIGRATION** | | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other / **Other:** / [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application | | |
| | [ ] 448 Education / [ ] 550 Civil Rights | [ ] 465 Other Immigration Actions | | |
| | [ ] 555 Prison Condition | | | |
| | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*: _____
Brief description of cause: _____

**VII. REQUESTED IN COMPLAINT:**
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $** _____

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [ ] Yes [ ] No

**VIII. RELATED CASE(S) IF ANY** *(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 11-29-2016
SIGNATURE OF ATTORNEY OF RECORD: Diana Adams (Pro Se) [signature]

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

PURSUANT TO LOCAL RULE 83.11

1.     Is this a case that has been previously dismissed?      ☐ Yes  ☒ No

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____

2.     Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)      ☐ Yes  ☒ No

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____

Notes :